VIOLA PEARCE ELLIS, as Administratrix, etc., of CHARLES H. ELLIS, JR., Respondent, v. CHARLES H. ELLIS, SR., Appellant.

*Partnership — evidence justifying finding that partnership existed — rejection of evidence not reversible error.*

Appeal by defendant from an interlocutory judgment, entered in the office of the clerk of the county of Westchester on the 2d day of March, 1920, upon the decision of the court rendered after trial at the Westchester Special Term, which judgment establishes the existence of a copartnership between defendant and plaintiff's intestate, and directs an accounting.

PER CURIAM: There was evidence justifying the finding that a partnership existed. The claim of the appellant that the learned trial justice prevented him from giving any evidence as to partnership or lack of partnership is not borne out by the record. The isolated statement of the court at folio 145 was not a ruling upon any question asked by appellant's counsel nor was

it excepted to. The questions which were excluded under section 829* or because they called for conclusions of fact or law were properly excluded. The ruling of the trial judge at folio 151 excluding letter-heads other than those offered in evidence upon the ground that the defendant was barred from testifying to them under section 829, while it may have been erroneous, does not present reversible error. The existence of such additional letter-heads and labels was before the court in other evidence admitted. The fact of the partnership was established to the satisfaction of the trial justice largely through the sworn admissions and declarations of the defendant in the outside litigations referred to in the evidence and by the evidence of the partnership bank account established by defendant and the plaintiff's intestate. An issue of fact was presented for the determination of the trial justice, and there is abundant evidence to sustain his conclusions. The interlocutory judgment should be affirmed, with costs. Mills, Rich, Blackmar, Kelly and Jaycox, JJ., concur. Interlocutory judgment affirmed, with costs.